IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCIS GATES, Individually and as Administrator for the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, and JAN SMITH ) ) ) ) ) ) Plaintiffs, ) v. ) ) SYRIAN ARAB REPUBLIC, et al., ) ) Defendants. ) | Case No. 11 C 8715<br>11 C 8913<br>12 C 1836<br>12 C 2983<br><br>Judge Virginia M. Kendall |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Frances Gates, individually and as administrator for the estate of Olin Eugene Armstrong, Pati Hensley, Sara Hensley and Jan Smith (together "Plaintiffs" or "Gates Plaintiffs") have filed in this district for turnover of assets contained in certain accounts of third party AT&T Corp. (the "Accounts") in satisfaction of a judgment obtained by the Gates Plaintiffs against the Syrian Arab Republic ("Syria") in the District of Columbia. Scott Baker and several other individuals, plaintiffs in related action 11 C 8913, *Patrick Scott Baker, et al. v. Syrian Arab Republic et al.* (the "Baker Plaintiffs") also recorded judgment in this district for turnover the Accounts in satisfaction of the Baker Plaintiffs' judgment against Syria, also in the District of Columbia. The Baker Plaintiffs now move for reconsideration of the order of this Court dated September 28, 2012 Order and March 7, 2012 on grounds that this Court lacks jurisdiction to determine the fate of the Accounts because the parties have recently discovered that the Accounts may in fact be located in New York, not Illinois as previously believed. For the reasons stated herein, the Baker Plaintiffs' Motion is denied.

**I. Relevant Facts**

On December 8, 2011, the Gates Plaintiffs registered their judgment in this district, and served a citation to discover assets on JPMorgan Chase Bank, N.A. ("JPMCB"), which citation uncovered the Accounts. On December 15, 2011, the Baker Plaintiffs registered their judgment in this district as well. On February 13, 2012, the Baker Plaintiffs intervened in the Gates Plaintiffs' action in order to establish the relative priority of the parties' judgment claims to any funds recovered through the actions. On March 7, 2012, the Court ruled that the claim of the Gates Plaintiffs has priority over the Baker Plaintiffs' claim (Docket No. 74).[1] In the March 7, 2012 Order, the Court determined that the claim of the Gates Plaintiffs had first-in-time right to the monies contained in the Accounts over the claim of the plaintiffs in related action 11 C 8913, *Patrick Scott Baker, et al. v. Syrian Arab Republic et al.* (the "Baker Plaintiffs"). The Court also determined that Syrian Telecommunications Establishment ("Syrian Telecom"), to whom the monies in the Accounts are due and owing, is a wholly owned subsidiary of the SAR and thus is an "agency or instrumentality" of Syria for purposes of 28 U.S.C. §1610(g), and that the Accounts may therefore be properly attached in satisfaction of the Gates Plaintiffs' judgment. Finally, the Court denied the first motion for turnover of the funds in the Accounts - directed against JPMCB - because AT&T, the payee of the funds in the Accounts and the party with the ability to withdraw those funds, was the proper party against whom the Gates Plaintiffs must move.

In accordance with the direction of the March 7, 2012 Order, the Gates Plaintiffs moved for turnover against AT&T directly. In the September 28, 2012 Order, this Court ordered that the Accounts be turned over to the Gates Plaintiffs, following preservation of the rights of AT&T and

---

[1] The March 7, 2012 order was issued by Judge Lindberg. By Executive Order dated August 27, 2012, this case and its related cases transferred to this Judge.

JPMCB in an order mutually agreeable to those parties and the Gates Plaintiffs. On October 9, 2012, the Baker Plaintiffs moved for reconsideration of the March 7, 2012 and September 28, 2012 orders on grounds that the parties had only learned in the first week of October, 2012 that the Accounts and other assets described in the December 2011 response of JPMCB to citation to discover assets were, in fact, located in New York, not in Illinois as previous believed.

## II.  Standard of Review

The March 7, 2012 order disposed of some, but not all, of the issues in this case. Therefore, the Baker Plaintiffs' motion is properly considered under Federal Rule of Civil Procedure 54(b). Reconsideration of an interlocutory order is appropriate where a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *See, e.g., Mitchell v. JCG Indus.*, 842 F. Supp. 2d 1080 (N.D. Ill. 2002). Because the Baker Plaintiffs move for reconsideration of the March 7, 2012 Order based upon the discovery of new information regarding personal jurisdiction that none of the parties knew at the time of the March 7, 2012 Order, such new evidence would be an error of apprehension by all parties, including the Court, and appropriate for consideration under Rule 54(b).

## III. Analysis

### Personal Jurisdiction

The specific assets at issue in the Motion for Reconsideration are accounts payable of AT&T located at JPMCB. The Baker Plaintiffs assert that the location of the assets should determine where the parties pursue their post-judgment proceedings. But there are two problems with this approach, each of which, standing independently, merits denial of the Motion to Reconsider.

3

First, post-judgment enforcement proceedings are governed by Federal Rule of Civil Procedure 69. Rule 69(a) requires that supplemental proceedings to aid execution of a money judgment "must accord with the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(1). In Illinois, 735 ILCS 5/2–1402 and Illinois Supreme Court Rule 277 govern supplemental proceedings. *See Dexia Credit Local v. Rogan*, 629 F.3d 612, 622 (7th Cir. 2010) ("Supplementary proceedings are post-judgment processes that support the judgment creditor in asset discovery and final satisfaction of judgment."). Supplemental proceedings for post-judgment collection brought under Rule 69 and 5/2-1402 conform procedurally to Illinois law. *Star Ins. Co. v. Risk Mktg. Group, Inc.*, 561 F.3d 656, 662–63 (7th Cir.2009) (quoting *Matos v. Richard A. Nellis, Inc.*, 101 F.3d 1193, 1195 (7th Cir. 1996) ("Rule 69 conforms collection proceedings to state law").

Accounts payable are not real property assets with corresponding *in rem* jurisdiction of their own. Accounts payable are intangible assets that are determined to be located in the domicile of the owner:

> The general rule is that intangible personal property is "located" in its owner's domicile, *In re Lambert*, 179 F.3d 281, 285 (5th Cir.1999); *Robertson v. Robertson*, 803 F.2d 136, 137 (5th Cir.1986); *Gordon v. Holly Woods Acres, Inc.*, 328 F.2d 253, 255 (6th Cir.1964), although there are exceptions, such as where the documents of title are in a state that is not the owner's domicile. *First Trust Co. of St. Paul v. Matheson*, 187 Minn. 468, 246 N.W. 1, 3 (1932); Restatement (Second) of Conflict of Laws § 63 (1971); 4A Wright et al., supra, § 1071, pp. 295–96. We have put "located" in scare quotes because intangibles, having no "body," have no spatial location. But creditors who want to file liens against intangible personal property have to file their liens in a place, or places, so the property has to be given a fictitious location. The owner's location is the sensible choice and the one made by the Uniform Commercial Code § 9–301(1); *see* Tenn.Code Ann. § 47–9–103, Official Comments on the UCC, § 5(a) (2000); Wis. Stat. § 409.103, Official Comments on the UCC, § 5(a) (2000). The owner's location is physical, not metaphysical, and is easily determined.

4

*GP Credit Co. LLC v. Orlando Residence, Ltd.,*, 349 F.3d 976, 979-80 (7th Cir. 2003). Under Illinois law, if the Illinois courts have personal jurisdiction over the *party* owning the debt, then Illinois courts have jurisdiction over accounts payable even if the accounts are "located" in another district. *See Park v. Townson & Alexander, Inc.*, 679 N.E. 2d 107 (Ill. App. 1997) (allowing garnishment of accounts payable located in North Carolina because suit had been properly brought against defendant custodian of those accounts in Illinois). Once an Illinois court determines it possesses *in personam* jurisdiction over all interested parties, it may exercise control over assets of those parties outside of the jurisdiction of Illinois. *See In re Marriage of Kosmond*, 357 Ill. App. 3d 972 (1st Dist. 2005).[2] Under Illinois law service of a citation or garnishment on an Illinois branch of a bank is sufficient to confer jurisdiction over accounts held in other branches of that bank. *See Hicks v. Midwest Transit*, 2006 WL 644814 at *9 (S.D. Ill. 2006) (citing *Bank of Montreal v. Clark*, 108 Ill. App. 163 (1st Dist. 1903).

    The Baker Plaintiffs raise this Court's lack of personal jurisdiction over the Accounts. The post-judgment proceeding was not directed at the Baker Plaintiffs. The Citation was directed at JPMCB, as the holder of the Accounts. JPMCB has never, and is not now, contesting personal jurisdiction. The parties have not cited, and this Court's research did not uncover, any cases in which a third party could assert lack of personal jurisdiction over a party, present in the case, who did not themselves assert it. With JPMCB having answered the Citation in Illinois without contesting (and indeed having filed a response to the Motion to Reconsider reiterating that they do not contest it), the Baker Plaintiffs' Motion to Reconsider has no basis.

---

[2]The *Kosmond* court limited its holding to domestic corporations, and specifically remanded to consider application of any such order on a German corporation. As other turnover motions in these cases may involve the assets of foreign entities, the Court's reliance on *Kosmond* in this Opinion should not be expanded beyond the holding here with respect to domestic corporation JPMCB.

Second, even if JPMCB were contesting jurisdiction at this point - which it is not - the defense would at this point be waived. "To waive or forfeit a personal jurisdiction defense, a defendant must give a plaintiff a reasonable expectation that it will defend the suit on the merits or must cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *H-D Michigan, LLC v. Hellenic Duty Free Shops S.A.*, 694 F.3d 827, 847-48 (7th Cir. 2012) (quoting *Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A.*, 623 F.3d 440, 443 (7th Cir.2010)). None of the parties to this action, including the Baker Plaintiffs, contested the original grounds for registering the judgment in Illinois; namely, that OFAC responded to a subpoena and indicated that either assets of, or an entity with assets of, the SAR was located within the Northern District of Illinois. *See* Ex Parte Emergency Motion to File Citation to Discover Assets and All Related Documents Under Seal, Case No. 11-8715, Docket #4. While the Baker Plaintiffs argue that they raised concerns about the location of the Accounts during briefing of the original Motion for Turnover, this statement minimized the Baker Plaintiffs' affirmative participation in this district. The Baker Plaintiffs did not merely intervene in this action; rather, they filed an enforcement action of their own here in Illinois, just as the Gates Plaintiffs did, and made the same allegations as to the location of the assets, presumably based on the same reports from OFAC. *See Baker et al v. Syrian Arab Republic, et al.* Plaintiff's Emergency Motion for Leave to File Documents Under Seal at ¶ 5 (Case No. 11-8913, Docket #5). With two competing actions proceeding here concerning the Accounts, AT&T and JPMCB proceeded to file interpleader actions here in Illinois, rather than in New York. *See* 12 C 2983, 12 C 1836. On a good faith belief that the assets were "located" here in Illinois, all parties have proceeded here, with heavily litigated briefs before this Court, and answers to complaints and pleadings in which no parties contested

6

personal jurisdiction or venue. The Court has issued multiple opinions in this case concerning the priority of the relative parties and the turnover of the Accounts. The months of litigation before this Court certainly constitute efforts by this Court that would be found "wasted" if personal jurisdiction were found lacking. *See H-D Michigan,*, 694 F.3d at 848.

Finally, it bears noting that it is not clear to the Court even now that the location of the Accounts has been conclusively determined to be New York as the Baker Plaintiffs claim. JPMCB - an interested party in this action - first listed the accounts as being located in New York on an OFAC report in July 2012, four months after the entry of the March 7, 2012 Order and after JPMCB filed its complaint in Interpleader here. As stated in JPMCB's response to the Motion and as addressed below, JPMCB has been candid that it would prefer this dispute to be determined under New York law for purposes of continuity of its obligations under these types of cases generally. Yet when the Gates Plaintiffs filed their supplemental proceeding in Illinois in late 2011 and served a citation to discover assets on JPMCB's Elgin, Illinois branch in January 2012, the Elgin branch of JPMCB returned the citation and reported the Bank Accounts now at issue as being managed by the Elgin, Illinois branch. No parties appear to be disputing that the JPMCB employee who monitors and controls the accounts - and who responded to the citation to discover the Accounts on behalf of JPMCB - works for JPMCB from its Elgin, Illinois branch bank. Thus, although any defense of personal jurisdiction has in any event been waived, the Court questions whether the evidence provided by the Baker Plaintiffs would be enough to establish an issue of personal jurisdiction in any event.

Reconsideration of March 7, 2012 Order Generally

Relying on the potential window that would be opened by reconsideration of personal jurisdiction, the Baker Plaintiffs ask this Court to reconsider the ruling of Judge Lindberg in March 7, 2012 regarding the application of 28 U.S.C. §1610(c). The Court reviewed the discussion of the procedures required under 28 U.S.C. § 1610(c) in the March 7, 2012 Order when it inherited this case from Judge Lindberg. The Court agreed with the reasoning of the March 7, 2012 opinion then, and will not now re-address the merits of that opinion.

<u>Stay of Order Enforcing Turnover</u>

Finally, the Baker Plaintiffs have requested that this Court stay enforcement of the order to turn over the assets in the Accounts pending pursuit of an appeal. The issue has been cursorily briefed by the parties and it is not clear to the Court whether the parties discussed the issue prior to filing. Given the unique circumstances of this case - namely, that the Accounts are already frozen pursuant to OFAC regulations and are therefore considerably more secured than the average judgment - the Court directs the Baker Plaintiffs to file a separate motion for stay pending appeal after discussing both the merits and the logistics of the issue with the other parties to the case.

**III. Conclusion**

The Baker Plaintiffs' Motion for Reconsideration (Docket Nos. 126, 127) is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: March 29, 2013

8