IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCIS GATES, Individually and as
Administrator of the Estate of Olin
Eugene "Jack" Armstrong, PATI
HENSLEY, SARA HENSLEY, and JAN
SMITH,

      Plaintiffs,

v.

SYRIAN ARAB REPUBLIC, et al.,
      Defendants,
v.

JP Morgan Chase Bank National
Association, Citation Respondent

Case No. 11-cv- 08715

---

JPMORGAN CHASE BANK, N.A.,

Interpleader Plaintiff

v.

FRANCIS GATES, individually and as Administrator
of the Estate of Olin Eugene "Jack" Armstrong, PATI
HENSLEY, SARA HENSLEY and JAN SMITH,
Patrick Scott Baker; Jerry Baker; Lois BAKER;
CRAIG BAKER, Individually and as the
Personal Representative of the Estate of David Baker;
STACIE BAKER; PATRICIA A. HENRY, Individually
and as the Substitute Executrix and Successor in Interest
of the Estate of Scarlett Rogenkamp, and as the Executrix
of the Estate of Hetty E. Peterson; VALERIE PETERSON,
as Executor of the Estate of Vernon W. Peterson;
KATHARINE D. DORIS; PAUL G. PETERSON;
MICHELLE Y. HOLBROOK; JACKIE NINK PFLUG;
RYLMA NINK; EUGENE NINK; GLORIA NINK;
MARY NINK; and SCOTT PFLUG, et al.

Interpleader Defendants.

Case No. 12-cv-02983

1

# GATES PLAINTIFFS' THIRD MOTION FOR TURNOVER OF ASSETS FROM THIRD-PARTY CITATION RESPONDENT, JP MORGAN CHASE BANK, N.A. AND FOR INTERPLEADER JUDGMENT ORDER

**COME NOW** the Gates Plaintiffs, by their undersigned attorney, and pursuant to Fed.R.Civ.P. 69(a) and 735 ILCS 5/2-1402 (c), hereby move for an order directing a turnover of assets to Plaintiffs by Third-Party Citation Respondent, JPMorgan Chase Bank, N.A. (hereinafter, "JPMCB") regarding a Blocked Wire Transfer held by JPMCB in account number ▮▮▮▮ with roughly ▮▮▮▮ (as of 1/13/12) in funds in a Blocked Account belonging to the Banque Centrale de Syrie, also known as The Central Bank of Syria held by said Citation Respondent (hereinafter the "Blocked Account"). In support thereof, the Gates Plaintiffs state as follows:

1. This motion is made pursuant to 735 ILCS 5/2-1402(c), made applicable to these proceedings through Fed.R.Civ.P. 69(a), for turnover of amounts currently held by Third Party Citation Respondent in three accounts held by JPMCB as set forth in the JPMCB's answer to the third-party citation. The Gates Plaintiffs obtained a final judgment, entered September 28, 2008, against the Syrian Arab Republic for acts of state-sponsored terrorism that facilitated the kidnapping, torture and murder-by-beheading of two Americans in 2004: Olin Eugene Armstrong and Jack L. Hensley. This judgment was acquired under the Foreign Sovereign Immunity Act's "terrorism exception," 28 U.S.C. § 1605A.

2. Syria entered an appearance in D.C. case, appealed said judgment and the judgment was affirmed as final and valid by the United States Court of Appeals for the District of Columbia Circuit. *See, Gates v. Syrian Arab Republic*, 646 F.3d 1 (D.C. Cir. 2011).

3. The Gates Plaintiffs hold an unsatisfied judgment against the Syrian Arab Republic in the total amount of $412,909,587.00 (plus post-judgment interest at the legal rate). Excluding

awards for non-compensatory damages, the Gates Plaintiffs' judgment for compensatory damages, alone, is $112,909,587, plus interest at the legal rate. This portion of the final judgment currently is unsatisfied.

4. On August 23, 2011, The United States Court of Appeals for the District of Columbia entered an Order pursuant to 28 U.S.C. §1610 (c) authorizing enforcement of the Judgment against the Syrian Arab Republic.

5. On December 8, 2011, Plaintiffs registered with this Court the judgment entered in their favor on September 26, 2008 by the United States District Court of the District of Columbia against the Syrian Arab Republic.

6. The judgment remains unsatisfied.

7. The Gates Plaintiffs moved this Court for issuance of a third-party citation to discover assets to discover certain funds and/or assets of the Syrian Arab Republic being held in the possession of JPMCB. (DE #6).

8. On December 8, 2011, the Clerk of the Court issued a Third-Party Citation to Discover Assets against JPMCB which, based on responses provided to Plaintiffs by the Department of Treasury's Office of Foreign Asset Control ("OFAC"), Plaintiffs believed held Syrian assets that could satisfy the judgment held by Plaintiffs.

9. The Third-Party Citation to Discover Assets was served upon JPMCB on December 8, 2011. (*See,* DE#9, Affidavit of Service of Process Server stating service made on December 8, 2011. A copy of the Process Server's Affidavit of Service of Third-Party Citation on JPMCB is attached hereto as Exhibit 3 was originally filed under seal before JPMCB's appearance in this case as DE#9.)

10. Plaintiffs filed a Notice of the Third-Party Citation to Discover Assets with this Court on December 12, 2011 and mailed it to the Judgment Debtor's last known address and the attorney who represented the Judgment Debtor in the United States District Court for the District of Columbia. (DE #8).

11. The Gates Plaintiffs hold the Judgment under 28 U.S.C. § 1605A, thereby entitling them to enhanced enforcement measures enacted in 2008 and codified in 28 U.S.C. § 1610(g) and those found at 28 U.S.C. § 1610 note, enacted as part of the TRIA.

12. 28 U.S.C.§ 1610(g)(1) entitles the Gates Plaintiffs to execute upon property, and interests in property, of the Syrian Arab Republic, property of an agency or instrumentality of Syria, and also property of a separate juridical entity or an interest held directly or indirectly in a separate juridical entity in which Syria has an interest, direct or indirect. 28 U.S.C. § 1610(g).

13. This Blocked Account was created in August of 2011 when JPMCB froze a wire transfer of funds initiated by, and belonging to, a Syrian financial institution for its own account. That Syrian bank, the Banque Centrale de Syrie (hereinafter "BCS" and also known as The Central Bank of Syria) is a bank of the Syrian government and an agency or instrumentality of the Arab Republic of Syria. Although federal anti-terrorism laws deny BCS access to the funds in the Blocked Account, these funds "belong" to BCS and, but for federal anti-terrorism laws, would inure ultimately to its benefit. Pursuant to the Terrorism Risk Insurance Act of 2002 ("TRIA") and other federal laws designed to combat state-sponsored terrorism and compensate its victims, the funds in the Blocked Account are due to be turned over to the Gates Plaintiffs. Section 201. TRIA, Pub. L. No. 107-297, §201(a), 116 Stat. 2322 (2002), enacted at 28 U.S.C. § 1610 note.

14. In its Memorandum Opinion and Order of March 29, 2013 (DE # 147), this Court expressed its concern that questions regarding BCS's ownership remained unanswered and, therefore, the Court could not grant the Gates Plaintiffs' motion for turnover "at this time." (See DE # 147 at p. 13). Specifically, the Court asked whether more information might "rule out the possibility that funds destined for BCS as beneficiary in JPMCB's books are necessarily destined for BCS itself (DE # 147 at p. 15), and also expressed concern whether "other third parties not presently party to these cases who may have a claim to the EFTs and seek to hold JPMCB liable for the loss of the funds in the EFTs." (*Id.* at 16). The Gates Plaintiffs heeded the Court's admonition and have diligently obtained competent evidence to alleviate all of these concerns.

15. BCS's ownership is established. This Wire Transfer bore a signature SWIFT message identifier (i.e. a code), indicating BCS, the originator and originating bank, was transferring its own funds for its own account. Regarding this Wire Transfer, COBA and QNB are in a "net zero" position. Only BCS has made payment and not recovered the amount paid." BCS—and only BCS—has a claim of ownership to the Wire Transfer Funds in the Blocked Account.

16. It is plain that Banque Centrale de Syrie, (also known as the Central Bank of Syria), is the owner of the Blocked Account that is the subject to this Motion for Turnover. Further, the Central Bank of Syria is either the Syrian government itself or an agency and/or instrumentality of the Syrian Arab Republic under 28 U.S.C. § 1603(b). The evidence proves the Wire Transfer Funds held by JPMCB in the Blocked Account under the Syrian Sanctions Regulations are "property of" or "assets of" BCS, a Syrian agency or instrumentality. Importantly, this evidence is consistent with, and corroborated by, the legal admissions and positions taken by the parties to the Wire Transfer (JPMCB, QNB and COBA) in their pleadings.

17. As this Court has decided repeatedly in previous orders, the Gates Plaintiffs enjoy priority of claim against these assets. Under Illinois law, "first in time" means "first in right." More specifically, courts discern priority between competing judgment creditors by reference to the respective service of the citations to discover assets. *Pontikes v. Perazic*, 295 Ill.App.3d 478, 484, 692 N.E.2d 712 (1998) (party who first served his citation to discover assets perfected superior lien and had priority); *Accord In re Prior*, 176 B.R. 485, 494 (S.D. Ill. B.R. 1995) (under Illinois statute, judgment becomes lien upon service of citation to discover assets); *See also* 735 ILCS 5/2-1402(m).

18. The Gates Plaintiffs have been "first" in every respect regarding their pursuit of satisfaction when compared to the Baker Intervenors. Whatever milepost is used—final judgment, issuance of a Section 1610(c) order, entry of a protective order, filing of a citation to discover third party assets, motion for turnover of assets, or a hearing on said motion—the Gates Plaintiffs pre-date the Baker Parties. The Gates Plaintiffs' earlier filing of their citation to discover assets is dispositive of the superior priority of their judgment lien regarding the funds and accounts that form the subject of this Second Motion for Turnover.

19. In support of this Third Motion For Turnover Of Assets From Third-Party Citation Respondent, JP Morgan Chase Bank, N.A., the Gates Plaintiffs rely upon their Memorandum in Support, the pleadings in the related cases, and supporting declarations and evidence filed contemporaneously herewith, including:

| | |
|---|---|
| Ex. A | Declaration of Dr. Gregor Haas, aka "Commerzbank Declaration" (Sealed) |
| Ex. B | Declaration of Don Coker (Sealed) |
| Ex. C | Declaration of Steven Harris (Sealed) |
| Ex. D | Qatar National Bank's Responses to First Interrogatories (12-cv-02983) (Sealed) |
| Ex. E | Qatar National Bank's Responses to Request to Produce Documents (12-cv-02983) (Sealed) |
| Ex. F | JPMCB's Responses to Interrogatories (12-cv-02983) (Sealed) |
| Ex. G | JPMCB-0052(Sealed) |

Ex. H      Proposed Order[1] (Sealed)

Based on the foregoing, the Gates Plaintiffs are entitled to the entry of an order directing JPMCB to turn over all amounts held for, or owed to, Banque Centrale de Syrie in Blocked Account no. ▮▮▮ and pay such amounts to the Gates Plaintiffs.

**WHEREFORE**, the Gates Plaintiffs respectfully pray that the Court:

(1) Order that JPMCB pay and turnover to the Gates Plaintiffs the Blocked Wire Transfer funds being held in account number ▮▮▮ (initially being ▮▮▮ but with interest as of July 31, 2013, believed to be approximately ▮▮▮;

(2) Enter final orders disposing of the third-party citation 1:11-cv-08715 as well as a judgment in the interpleader action filed by JPMCB (1:12-cv-02983);

(3) Grant such discharges to JPMCB and any other third party the Court deems just and proper; and

(4) Grant such other and further relief as the Court deems just and proper.


Respectfully submitted,

        **FRANCIS GATES, Individually and as Administrator of the Estate of Olin "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, and JAN SMITH**

        By: *Elizabeth D. Sharp*
        Their Attorney
        Elizabeth D. Sharp

        The Law Offices of Elizabeth D. Sharp, P.C.
        200 South Wacker Drive, Suite 2300
        Chicago, IL 60606
        Tel. No. (312) 346-1726
        E-mail address: lsharp@sharp-law.com

---

[1] The substance of this proposed order is modeled upon a simplification of the Court's earlier order. (See DE# 163).

Dated: September 5, 2013

By: /s/ *John F. Salter*
Their Attorney

The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
Tel. No. (770) 419-8505
E-Mail address: john@barneslawgroup.com

# CERTIFICATE OF SERVICE

This is to certify that on September 5, 2013, I caused the foregoing **GATES PLAINTIFFS' THIRD MOTION FOR TURNOVER OF ASSETS FROM THIRD-PARTY CITATION RESPONDENT, JP MORGAN CHASE BANK, N.A. AND FOR INTERPLEADER JUDGMENT ORDER** to be electronically filed using the CM/ECF System, which will automatically send notification of such filing to the individuals listed below:

Edward J. Lesniak, Esq.
Burke, Warren, Mackay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
elesniak@burkelaw.com

Kelly Nevling
Steve Feigenbaum
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
knevling@llf-law.com
sfeigenbaum@llf-law.com

Attorneys for Third Party Citation Respondent and
Interpleader Plaintiff JP Morgan Chase Bank, N.A.

Elizabeth A. Peters
epeters@edwardswildman.com
Michael Dockterman
mdockterman@edwardswildman.com
Edwards, Wildman Palmer, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
Attorneys for Interpleader Defendants
Patrick Scott Baker, et al

Mark E. Enright
Thomas A. Felton
Arnstein & Lehr
120 South Riverside Plaza
Suite 1200
Chicago, IL 60605
meenright@arnstein.com
tafelton@arnstein.com
Attorneys for Commerzbank AG

QATAR NATIONAL BANK
David O'Sullivan
Head of Legal Group
Legal Department, Group Risk
P.O. Box 1000
Doha Qatar
David.sullivan@qnb.com.qa

    Further, this is to certify that on this day, I have served a unredacted copy of the foregoing **GATES PLAINTIFFS' THIRD MOTION FOR TURNOVER OF ASSETS FROM THIRD-PARTY CITATION RESPONDENT, JP MORGAN CHASE BANK, N.A. AND FOR INTERPLEADER JUDGMENT ORDER** by depositing same in the United States First Class Mail located at 31 Atlanta Street, Marietta, Georgia 30060, proper postage prepaid prior to 5:00 p.m. to the following:

Centrale Banque de Syrie
Altjreda al Maghrebeh Squar
Damascus, Syria
P.O. Box 2254

Syrian Arab Republic
c/o Ramsey Clark
CLARK & SCHILLING
37 West 12th Street Suite 2B
New York, NY 10011

    Further, this is to certify that on this day, I have served a copy of the foregoing **GATES PLAINTIFFS' THIRD MOTION FOR TURNOVER OF ASSETS FROM THIRD-PARTY CITATION RESPONDENT, JP MORGAN CHASE BANK, N.A. AND FOR INTERPLEADER JUDGMENT ORDER** by email prior to 5:00 p.m. to the following:

Tamra T. Moore, Esq.
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tamra.Moore@usdoj.gov

Dated: September 5, 2013

By: */s/ John F. Salter*
Their Attorney
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
Tel. No. (770) 419-8505
    E-Mail address: john@barneslawgroup.com