Case: 1:11-cv-08715 Document #: 238 Filed: 02/03/14 Page 1 of 10 PageID #:2925

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FRANCIS GATES, Individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, and JAN SMITH,<br><br>Plaintiffs,<br><br>-against-<br><br>SYRIAN ARAB REPUBLIC, et al.,<br><br>-against-<br><br>JPMORGAN CHASE BANK NATIONAL ASSOCIATION,<br><br>Citation Respondent. | Case No. 11-cv-08715<br><br>Hon. Virginia M. Kendall<br><br>DESIGNATED AS CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER ENTERED MAY 29, 2012<br><br><br><br>**JUDGMENT AND ORDER DIRECTING THE TURNOVER OF FUNDS** |
| JPMORGAN CHASE BANK, N.A.,<br><br>Interpleader Plaintiff,<br><br>-against-<br><br>FRANCIS GATES, individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY and JAN SMITH, PATRICK SCOTT BAKER, JERRY BAKER, LOIS BAKER, CRAIG BAKER, Individually and as the Personal Representative of the Estate of David Baker, STACIE BAKER, PATRICIA A. HENRY, Individually and as the Substitute Executrix and Successor in Interest of the Estate of Scarlett Rogenkamp, and as the Executrix of the Estate of Hetty E. Peterson, VALERIE PETERSON, as Executor of the Estate of Vernon W. Peterson, KATHERINE D. DORIS, PAUL G. PETERSON, MICHELLE Y. HOLBROOK, JACKIE NINK PFLUG, RYLMA NINK, EUGENE NINK, GLORIA NINK, MARY NINCK, SCOTT PFLUG, BANQUE CENTRALE DE SYRIE, also known as | Case No. 12-cv-02983 |

CENTRAL BANK OF SYRIA, COMMERZBANK
AG, also known as COMMERZBANK
AKTIENGESELLSCHAFT,
COMMERZBANK
AKTIENGESELLSCHAFT NEW YORK
BRANCH and QATAR NATIONAL BANK,

        Interpleader Defendants.

### JUDGMENT AND ORDER DIRECTING THE TURNOVER OF FUNDS INTO COURT REGISTRY AND FULL DISCHARGE OF CITATION RESPONDENT JPMORGAN CHASE BANK, N.A.

WHEREAS, this case came on before the Court on motion, filed by plaintiffs-interpleader defendants Francis Gates, Individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, Pati Hensley, Sara Hensley and Jan Smith (the "Gates Plaintiffs"), for the turnover of assets under Fed. R. Civ. P. 69(a) and 735 ILCS 5/2-1402(c) and a judgment in the Interpleader Action (Case Number 12-cv-02983) commenced by interpleader plaintiff JPMorgan Chase Bank, N.A. ("JPMCB"); and

WHEREAS, this Judgment and Order also involves claims, to the same assets of which the Gates Plaintiffs seek the turnover, asserted by Patrick Scott Baker, Jerry Baker, Lois Baker, Estate of David Baker, Craig Baker (individually and as the personal representative of the Estate of David Baker), Stacie Baker, Scarlett Rogenkamp, Estate of Hetty E. Peterson, Patricia A. Henry (individually and as the substitute executrix and successor in interest of the Estate of Scarlett Rogenkamp and as the executrix of the Estate of Hetty E. Peterson), Estate of Vernon W. Peterson, Valerie Peterson (sued as executor of the Estate of Vernon W. Peterson), Katharine D. Doris, Paul G. Peterson, Michelle Y. Holbrook, Jackie Nink Pflug, Rylma Nink, Eugene Nink, Gloria Nink, Mary Nink and Scott Pflug (collectively, the "Bakers"), all of whom are intervenors in Case No. 11-cv-8715 and interpleader defendants in Case No. 12-cv-2983; and

WHEREAS, the Gates Plaintiffs were the plaintiffs in an action in the United States District Court for the District of Columbia entitled Francis Gates, et al. v. Syrian Arab Republic, et al., Case No. CA 06-1500 (RMC) (D.D.C.), in which they recovered a judgment against the Syrian Arab Republic (the "SAR") in the amount of $412,909,587, and the Bakers were the plaintiffs in an action in the United States District Court for the District of Columbia entitled Patrick Scott Baker, et al. v. Great Socialist People's Libyan Arab Jamahirya, et al., Case No. 03-cv-0749 (JMF) (D.D.C.), in which they recovered a judgment against the SAR, the Syrian Air Force and General Muhammed al-Khuli in the amount of $601,969,151.50; and

WHEREAS, the Gates Plaintiffs, by motion filed September 5, 2013 and entitled "Third Motion For Turnover Of Assets From Third-Party Citation Respondent JPMorgan Chase Bank, N.A. And For Interpleader Judgment Order" (the "Third Turnover Motion" (DE #183, Case No. 11-cv-8715; DE #108, Case No. 12-cv-2983), moved for an order directing the turnover to them of approximately ▮▮▮▮▮ held by JPMCB in a blocked account with account number ▮▮▮▮▮ (the "Blocked Account"); and

WHEREAS, JPMCB blocked the wire transfer, made in August 2011 in the amount of ▮▮▮▮▮ underlying the Blocked Account because Banque Centrale de Syrie, also known as Central Bank of Syria ("BCS"), which was both the originator and beneficiary of the wire transfer, appeared to be subject to blocking sanctions under Syrian Sanctions Regulations, 31 C.F.R. Part 542 (2013) (the "SSRs"); and

WHEREAS, on April 23, 2012, JPMCB commenced this interpleader action under Fed. R. Civ. P. 22, 28 U.S.C. §§ 1335 and 2361, and 735 Ill. Comp. Stat. 5/2-409 for a determination of the interpleader defendants' rights to the Blocked Account; and

3

WHEREAS, JPMCB filed an amended interpleader complaint (DE #21) on June 8, 2012, naming as interpleader defendants the Gates Plaintiffs and the Baker Parties, as judgment creditors of the SAR, Qatar National Bank ("QNB"), Commerzbank AG and Commerzbank Aktiengesellschaft New York Branch (collectively, "Commerzbank"), and BCS; and

WHEREAS, this Court has previously ruled, in its Memorandum Opinion and Order filed on March 29, 2013 (DE #147, Case No. 11-cv-8715), that BCS is an agency or instrumentality of the SAR, and that BCS is not subject to the central bank immunity under § 1611(b) of the Foreign Sovereign Immunity Act ("FSIA"); and

WHEREAS, JPMCB served BCS with the interpleader complaint in accordance with FSIA §§ 1608(b) and (c), and Fed. R. Civ. P. 4(l) and completed service on June 13, 2013 (DE #79), giving BCS, under FSIA § 1608(d), until August 8, 2013 to respond to the interpleader complaint; and

WHEREAS, BCS never responded to the interpleader complaint, and this Court, upon oral motion made at a status conference on August 28, 2013, held BCS in default, converting its holding into a Minute Entry (DE #104) entered later that day; and

WHEREAS, Commerzbank answered the interpleader complaint, disclaimed any interest in the Blocked Account, and later made an unopposed motion to dismiss the interpleader complaint as against it; and

WHEREAS, this Court, at a conference held on November 13, 2013, granted Commerzbank's motion to dismiss the interpleader complaint as against it; and

WHEREAS, QNB, rather than answer the interpleader complaint, entered into a stipulation of dismissal with JPMCB, dated May 10, 2013, under which it disclaimed an interest in the

Blocked Account, agreed to give JPMCB a discharge, and in return was dismissed from the action with prejudice; and

WHEREAS, the May 10, 2013 stipulation between QNB and JPMCB was later converted to a judgment entered by the Court on July 11, 2013 (DE #86); and

WHEREAS, the Gates Plaintiffs answered the interpleader complaint (DE #121), as did the Bakers (DE #30); and

WHEREAS, the Bakers later moved under Fed. R. Civ. P. 12(c) to dismiss the interpleader complaint, and this Court denied that motion by Minute Entry filed November 13, 2013 (DE #140); and

WHEREAS, the Bakers, on or about October 15, 2012, commenced an action in the United States District Court for the Southern District of New York entitled Baker et al. v. National Bank of Egypt et al., No. 12-cv-07698 (the "New York Action"), in which they moved on October 11, 2013 for the turnover of the Blocked Account; and

WHEREAS, the Bakers' turnover motion in the New York Action is still pending as of the time of this Judgment and Order; and

WHEREAS, by Memorandum Opinion and Order filed on March 29, 2013 (DE #147, Case No. 11-cv-8715), this Court, in denying the Bakers' motion for reconsideration of two earlier orders of this Court, held that insofar as it has personal jurisdiction over JPMCB, it also has jurisdiction over blocked accounts held at JPMCB, regardless of where those accounts are physically located; and

WHEREAS, this Court, as it has previously determined, has subject matter jurisdiction over this interpleader action and personal jurisdiction over all interpleader defendants, including BCS; and

WHEREAS, on June 11, 2013, the Bakers filed an appeal, still pending as of the time of this Judgment and Order, from the Court's two March 29, 2013 Orders, among other rulings, to the United States Court of Appeals for the Seventh Circuit (the "Seventh Circuit Appeal"); and

WHEREAS, this Court, by Memorandum Opinion and Order filed November 13, 2013 (DE #139, Case No. 12-cv-2983; DE #210, Case No. 11-cv-8715), ruled on the Gates Plaintiffs' Third Turnover Motion, and the Bakers are expected to appeal that ruling by consolidating it with the Seventh Circuit Appeal or filing a separate appeal;

NOW, THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED that:

1. The Gates Plaintiffs' Third Turnover Motion is granted.

2. The Court's Memorandum Opinion filed November 13, 2013, and all the factual findings and legal conclusions set forth in that Opinion, are hereby incorporated by reference. The Court directs the turnover of the funds in the Blocked Account as follows:

   a. The Gates Plaintiffs are entitled to the entry of this Judgment and Order directing JPMCB to turn over the funds in the Blocked Account, including accrued interest thereon, in accordance with the terms set forth herein.

   b. Within thirty (30) days of the date of entry of this Judgment and Order, and in light of the pendency of the Seventh Circuit Appeal and the expectation that the Bakers will also appeal from this Judgment and Order (or consolidate it with their pending appeal), JPMCB shall deposit the funds in the Blocked Account into the Court's registry pursuant to Fed. R. Civ. P. 67. Subject to sub-paragraph 2(j) below, the funds shall be held in the registry during the pendency of the Seventh Circuit Appeal (or from any separate appeal from this Judgment and Order that the Bakers may file), and shall ultimately be distributed as directed by this Court.

c. If the Seventh Circuit determines that the Seventh Circuit Appeal, or any separate appeal from this Judgment and Order, is premature, or determines that this Judgment and Order is otherwise not appealable, that determination shall have no effect on the discharges of JPMCB, Commerzbank and QNB, and the restraints and injunctions against the institution of legal proceedings against them, set forth in sub-paragraphs 2(g)-(i) below. Those discharges and injunctions shall remain binding and in full force and effect.

d. The payment of the funds in the Blocked Account into the Court registry shall have no bearing upon any issue that has been raised in the Seventh Circuit Appeal, or that may be raised in any separate appeal from this Judgment and Order, as to whether the Gates Plaintiffs or the Bakers have a priority claim to the funds in the Blocked Account. Nor shall the payment be relied upon by any party in connection with any such appellate issue.

e. This Judgment and Order supersedes and overrides any provisions of 31 C.F.R. Part 542, any other regulations promulgated by United States Treasury Department's Office of Foreign Assets Control ("OFAC"), or any Presidential Executive Orders that otherwise require JPMCB to hold the funds in the Blocked Account or prohibit the payment of those funds to the Court registry in satisfaction of this Judgment and Order. *See, e.g., Weininger v. Castro*, 462 F. Supp. 2d 457, 499 (S.D.N.Y. 2006) ("[T]he U.S. Department of Justice has indicated that '[i]n the event the Court determines that the funds are subject to TRIA [Terrorism Risk Insurance Act of 2002], the funds may be distributed without a license from [OFAC]'").

f. Subject only to JPMCB's payment of the funds in the Blocked Account into the Court's registry, JPMCB, including its parent and affiliated companies, having already been discharged and released from any and all liability or obligation to QNB with respect to the Blocked Account and the funds therein, is hereby discharged and released from any and all liability or obligations to the Gates Plaintiffs, the Bakers, the SAR, BCS, Commerzbank, and any other person or entity with respect to the Blocked Account or the funds in the Blocked Account. Any claims of any such persons or entities against JPMCB, with respect to the Blocked Account and the funds therein, are hereby dismissed with prejudice.

g. Commerzbank and QNB, together with any of their affiliates, are hereby discharged and released from any and all liability or obligation to the Gates Plaintiffs, the Bakers, the SAR, BCS, JPMCB, and any other person or entity with respect to the Blocked Account and the funds therein. Any claims of any such persons or entities with respect to the Blocked Account are hereby dismissed with prejudice.

h. The Gates Plaintiffs, the Bakers, the SAR, BCS, any third-party claimant, and all other persons or entities are hereby permanently restrained and enjoined from instituting or pursuing any other pending or future legal actions or proceedings, in any court, tribunal or arbitration forum, against JPMCB, Commerzbank and QNB with respect to the Blocked Account and funds therein.

i. Subject only to JPMCB's payment of the funds in the Blocked Account into the Court's registry, all writs of execution, citations or other judgment enforcement devices, including, but not limited to, the Third-Party Citations to Discover Assets against JPMCB filed by the Gates Plaintiffs, as extended by the Court, and filed by the

Bakers, as extended by the Court, are hereby terminated pursuant to Illinois Supreme Court Rule 277.

j. JPMCB shall receive an award of $150,000 for its reasonable attorneys' fees and expenses in connection with this interpleader action regarding the Blocked Account. That award shall be paid as follows: After JPMCB has deposited the funds in the Blocked Account into the Court registry pursuant to sub-paragraph 2(b) above, the Court registry shall then pay $150,000, out of those deposited funds, to JPMCB or to its counsel on JPMCB's behalf in accordance with wire or other payment instructions to be provided by JPMCB. The Court registry shall make that payment as soon as practicable following its receipt of JPMCB's payment instructions. The Court registry's payment to JPMCB of $150,000 shall be in full and complete satisfaction of any and all claims that JPMCB has made or could make for its attorneys' fees and expenses incurred in connection with this interpleader action.

k. This Judgment and Order shall be filed under seal, but a redacted version of this Judgment and Order, which deletes the bank account number of and exact amount held in the Blocked Account, shall be electronically filed with this Court by the Gates Plaintiffs' counsel.

l. This Judgment and Order is a final and appealable judgment within the meaning of Fed. R. Civ. P. 54(b), and there is no just cause for delay of the enforcement or appeal of this judgment and order.

m. This Court shall retain jurisdiction over the Gates Plaintiffs' action and this interpleader action to enforce any violation of one or more of the terms of this Judgment and Order.

SO ORDERED AND ADJUDGED

This ~~3~~ 3rd day of ~~November, 2013~~ Feb 2014.

Enter: _____
Virginia M. Kendall
United States District Court Judge