IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| FRANCIS GATES et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | 11 C 8715 |
| | ) | 14 C 6161 |
| SYRIAN ARAB REPUBLIC et al., | ) | |
| | ) | Judge Virginia M. Kendall |
| Defendants. | ) | |
| | ) | |
| MARY NELL WYATT et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| SYRIAN ARAB REPUBLIC et al., | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Frances Gates, individually and as administrator for the estate of Olin Eugene Armstrong, Pati Hensley, Sara Hensley and Jan Smith (together "Gates Plaintiffs") move for a release of funds entered into the Court's registry pursuant to this Court's previous orders directing JP Morgan Chase and AT&T to turnover Syrian funds to the Court's registry. (Dkt. Nos. 163, 238). These funds had been placed in the Court's registry pending the appeals of those orders. Those appeals are complete and the Seventh Circuit affirmed those orders. *See Gates v. Syrian Arab Republic¸* 755 F.3d 568 (7th Cir. 2014). Following the Gates Plaintiffs' motion for release of funds, a group of non-party "adverse claimants" led by Mary Nell Wyatt (together the "Wyatt Plaintiffs") filed a memorandum in this case seeking to block the distribution of funds to

the Gates Plaintiffs and to redirect those funds to the Wyatt Plaintiffs. The Wyatt Plaintiffs also filed a parallel action in this Court seeking distribution of the funds held in the Court's registry. *See* 14 C 6161.

For the reasons set out below, the Gates Plaintiffs' motion is granted and the Wyatt Plaintiffs' parallel action is dismissed.

## **BACKGROUND**

The Court assumes familiarity with the general background of this case. *See generally Gates*, 755 F.3d 568. Only limited procedural facts are relevant for current purposes. The Gates Plaintiffs seek to satisfy a money judgment they hold against the Syrian Arab Republic for injuries they or members of their families suffered as victims of terrorism sponsored by Syria. *See Gates v. Syrian Arab Republic*, 580 F.3d 53 (D.D.C. 2008), *aff'd*, 646 F.3d 1 (D.C. Cir. 2011). The Gates Plaintiffs obtained this judgment subject to the Foreign Sovereign Immunity Act. *See* 28 U.S.C. § 1605A. Following protracted litigation to locate Syrian assets subject to this Court's jurisdiction, the Court ordered various assets turned over to the Court's registry in order to satisfy that judgment. (Dkt. Nos. 163, 238). The orders provided that the funds would be placed in the Court's registry during the pendency of appeals of those orders and would be distributed when those appeals were complete. Those appeals are now complete and the Seventh Circuit affirmed each of the turnover orders in favor of the Gates Plaintiffs. *See Gates*, 755 F.3d at 580-81. Following the Seventh Circuit's mandate, the Gates Plaintiffs moved the Court to release funds held in the Court's registry. (Dkt. No. 251).

Enter the Wyatt Plaintiffs. The Wyatt Plaintiffs, not parties to this or any previous related case, filed a memorandum in opposition to the Gates Plaintiffs' motion for release of funds. (Dkt. No. 261). While not seeking to intervene under Federal Rule of Civil Procedure 24, the Wyatt Plaintiffs argue that they have a right to be heard as adverse claimants with an interest

2

in the Syrian funds in the Court's registry. The Wyatt Plaintiffs argue that this Court should not release the funds to the Gates Plaintiffs because of the Gates Plaintiffs allegedly did not comply with the FSIA's procedures for providing notice of default judgments to sovereigns against whom default had been entered. *See* 28 U.S.C. 1608(e). Thus, the Wyatt Plaintiffs argue, the Gates Plaintiffs' default judgment is unenforceable.

## DISCUSSION

### A. The Gates Plaintiffs' motion to release funds is granted

In accordance with the mandate of the Seventh Circuit, the Court grants the Gates Plaintiffs' motion to release funds from the Court's registry. The Gates Plaintiffs are directed to advise the Court whether the proposed order attached their August 7, 2014 motion (Dkt. No. 251-3) remains appropriate given the litigation that has taken place subsequent to their motion.

### B. The Seventh Circuit's mandate resolves any question of § 1608(e) compliance

Both the Gates and Wyatt Plaintiffs have put forward a variety of arguments related to the propriety of the Wyatt Plaintiffs' presence in this case.[1] The Court need not resolve these arguments because the Wyatt Plaintiffs' argument fails on the merits. The Seventh Circuit's mandate puts the Gates Plaintiffs' compliance with the notice provisions of § 1608(e) beyond doubt. The Wyatt Plaintiffs' argue that the Court should read an implied caveat into the Seventh Circuit's clear mandate. The Wyatt Plaintiffs attack the enforceability of the District Court for the District of Columbia's order entering default judgment in favor of the Gates Plaintiffs. The Wyatt Plaintiffs allege that the Gates Plaintiffs have not complied with the 28 U.S.C. § 1608(e),

---

[1] The Gates Plaintiffs argue that the Wyatt Plaintiffs lack prudential, but not Article III, standing to assert Syria's right to notice under § 1608(e) and that their intervention was improper. The Wyatt Plaintiffs argue that their presence here is appropriate under an Illinois statute, made applicable by Fed. R. Civ. P. 69, that allows adverse claimants to appear as a matter of right in garnishment proceedings.

which prescribes the manner in which parties who seek default judgments against foreign sovereigns must provide notice of that default. The argument fails because the Seventh Circuit has already resolved it in the Gates Plaintiffs' favor.

The Court may not reconsider "on remand an issue expressly or impliedly decided by a higher court absent certain circumstances." *United States v. Adams*, 746 F.3d 734, 744 (7th Cir. 2014) (quoting *United States v. Polland*, 56 F.3d 776, 779 (7th Cir. 1995)). The Seventh Circuit affirmed the Court's turnover orders, stating in no uncertain terms that the "Gates [P]laintiffs have complied with the requirements of FSIA and have established a priority lien on the Syrian funds at issue in these appeals." *Gates*, 755 F.3d at 580-81 (7th Cir. 2014). The Seventh Circuit did not equivocate, but instead affirmed this Court's order to distribute the funds to the Gates Plaintiffs. *See id.* ("we AFFIRM both of the district court's order to have Syrian assets turned over to the Gates plaintiffs").

The Seventh Circuit found specifically that the Gates Plaintiffs had complied with 28 U.S.C. § 1610(c), which by its terms requires compliance with § 1608(e). *See id.* at 577 ("the Gates plaintiffs complied with § 1610(c) in the District of Columbia") Section 1610(c) requires the court to determine that notice required under § 1608(e) has been provided. The Wyatt Plaintiffs do not dispute that the Gates Plaintiffs possess a § 1610(c) order from the District of Columbia. That order allows the Gates Plaintiffs to "pursue specific attachments without worry over any lingering § 1610(c) requirements." *Id.* (citation omitted). The Wyatt Plaintiffs attack directly a § 1610(c) requirement about which the Seventh Circuit was clear that there is to be no lingering doubt. For this Court to hold otherwise would be to contravene directly a clear directive of the Seventh Circuit. Therefore, the Court finds that the Seventh Circuit's mandate conclusively puts to rest any doubts as to the Gates Plaintiffs' compliance with § 1608(e).

### C. The Wyatt Plaintiffs' (14 C 6161) complaint is dismissed with prejudice

The Wyatt Plaintiffs have filed a parallel action seeking disbursement of the funds subject to the turnover orders in the Gates Plaintiffs' favor. "Priority of competing liens is determined based on the order in which the competing liens were obtained." *Gates*, 755 F.3d at 573 (citing *Fed. Nat'l Mortgage Ass'n v. Kuipers*, 732 N.E.2d 723, 726 (Ill. App. Ct. 2000). The Gates Plaintiffs obtained and perfected a lien on the Syrian funds held in JP Morgan Chase Bank on December 8, 2011 when it served JP Morgan with a citation to discover assets. They obtained and perfected a lien on electronic funds held by AT&T on February 9, 2012 when it served AT&T with a citation to discover assets. *See Gates*, 755 F.3d at 568 ("Service of a citation to discover assets creates and perfects a lien under Illinois law at the time of service.") (citing 735 ILCS 5/2-1402(m)). Assuming that the Wyatt Plaintiffs obtained a lien when they registered their judgment and served the Clerk of Court with a citation to discover assets, that lien is inferior to the Gates Plaintiffs' because the Gates Plaintiffs' lien was first in time. The "FSIA does not provide a mechanism for distributing equitably among different victims any Syrian assets in the United States that are subject to attachment." *Id.* at 571. Because the Gates Plaintiffs have a superior claim to the entirety of the funds sought by the Wyatt Plaintiffs, the Wyatt Plaintiffs' complaint seeks no relief that the Court can grant. Thus, the Wyatt Plaintiffs' parallel action, 14 C 6161, is dismissed with prejudice.

### D. Sanctions are Inappropriate

The Court declines to address the Gates Plaintiffs' request for sanctions, as it is improperly raised. *See* Fed. R. Civ. P. 11(c)(2) ("[a] motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)").

## **CONCLUSION**

For the reasons stated herein, grants the Gates Plaintiffs' motion to release funds and dismisses the Wyatt Plaintiffs' complaint in 14 C 6161 with prejudice.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: October 22, 2014