UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
------------------------------------------------------------------X

FRANCIS GATES, et al.,

                Plaintiffs,

      -against-                                Docket No.:
                                              11-cv-8715 (VMK)
THE SYRIAN ARAB REPUBLIC, et al.,       14-cv-6161 (VMK)

                Defendants,

      -against-

MARY NELL WYATT, et al.,                    **MOTION IN THE**
                                                           **ALTERNATIVE FOR STAY**
                Claimants.                           **PENDING APPEAL**

------------------------------------------------------------------X

MARY NELL WYATT, et al.,

                Plaintiffs

      -against-

THE SYRIAN ARAB REPUBLIC, et al.,

                Defendants.

------------------------------------------------------------------X

      The Wyatt Plaintiffs (the Claimants in 11-cv-8715 and the Plaintiffs in 14-cv-6161) respectfully move for an order:

      a)      Pursuant to Fed. R. Civ. P. 62 and this Court's inherent authority, staying release of the funds at issue in this proceeding, pending resolution of the Wyatt Plaintiffs' appeal, in the event that the Court finds that it has jurisdiction to release those funds;

b) If the Court finds that a supersedeas bond is otherwise required by Fed. R. Civ. P. 62(d), stating that the funds in the Court's registry can be used in lieu of the supersedeas bond or, alternatively, waiving the supersedeas bond requirement;

c) Pursuant to this Court's inherent authority, an immediate preliminary stay pending this Court's disposition of the instant motion and, if necessary, the disposition of a subsequent similar motion to the Seventh Circuit, and

d) Granting any other relief the Court finds just, proper, or necessary.

In support of their Motion, the Wyatt Plaintiffs respectfully state as follows:

**A.     Background**

1. On October 22 this Court issued a Memorandum Opinion and Order finding that the Gates Plaintiffs are entitled to receive the approximately $80,000,000 in Syrian funds held in the registry of the Court. It simultaneously denied a similar request by the Wyatt Plaintiffs. (Dkt. Nos. 287, 28).[1] Subsequently, the Wyatt Plaintiffs filed Notices of Appeal in both cases. (Dkt. Nos. 290, 294, 30).

2. The Wyatt Plaintiffs respectfully request an Order staying all proceedings pending the resolution of their appeal.

3. As noted in an earlier filing (Dkt. Nos. 292, 33), the Wyatt Plaintiffs believe that no stay is necessary because the Notices of Appeal have deprived this Court of jurisdiction to disburse the Syrian funds. The Syrian funds are, obviously, the subject of the Wyatt Plaintiffs' appeal. Disbursing those funds would certainly undermine the appeal. Accordingly, this Court lacks that authority. *See id.*; *Garrick v. Weaver*, 888 F.2d 687, 695 (10th Cir. 1989); *Aaron v.*

---

[1] Docket references are first to case number 11-cv-8715 and then to case number 14-cv-6161.

*Merrill Lynch, Pierce, Fenner & Smith*, 3:03-cv-656, 2008 WL 2626785 at *1-2 (N.D. Ind. 2008); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982); *Murray v. Artl*, 189 F. App'x 501, 504 (7th Cir. 2006); *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 874 (7th Cir. 2004) (Posner, *J.*); *Oden v. Page*, 23 F. App'x 553, 554 n.1 (7th Cir. 2001); *Grube v. Lau Indus. Inc.*, 257 F.3d 723, 731 (7th Cir. 2001); *May v. Sheahan*, 226 F.3d 876, 879 (7th Cir. 2000); *Kusay v. United States*, 62 F.3d 192, 193-94 (7th Cir. 1995).

4. Nevertheless, out of an abundance of caution, the Wyatt Plaintiffs are constrained to file the instant motion because of the severe prejudice that they would suffer if the funds were improperly released to the Gates Plaintiffs. At stake is approximately $80,000,000. If that money were to be improperly released to the Gates Plaintiffs, the harm to the Wyatt Plaintiffs would be enormous and probably irreparable.

5. In the event that this Court reaches the conclusion that, contrary to all of the cases cited above, it retains jurisdiction to release the Syrian funds notwithstanding the Wyatt Plaintiffs' appeal, a stay of proceedings pending appeal is necessary to preserve the status quo and protect the Wyatt Plaintiffs' interests as they seek review in the Seventh Circuit.

**B. Supersedeas Bond**

6. Fed. R. Civ. P. 62(d) provides that an appellant may obtain by right a stay pending appeal by posting a supersedeas bond that is approved by the court. Because no judgment has been entered against the Wyatt Plaintiffs, and because the judgment granted to the Gates Plaintiffs is simply the right to collect the funds currently in the court's registry, the bond requirement in Rule 62(d)—which is plainly intended to protect the interests of the appellee—is not applicable in this case.

7. Rather, the common law rules that govern other motions to stay are applicable here. The Wyatt Plaintiffs discuss those common law requirements *infra* and demonstrate there that those requirement have been met in this case.

8. Nevertheless, assuming *arguendo* (without conceding the point) that Rule 62(d)'s bond requirement is technically applicable here, the Wyatt Plaintiffs respectfully request that this Court exempt them from that requirement as posting such a bond would be futile. If the Wyatt Plaintiffs were to post an $80,000,000 bond, that entire bond (presumably plus interest) would be returned to them at the conclusion of the case even if the Gates Plaintiffs are victorious on the appeal. Their judgment will be paid from the money currently in the Court's registry, not from the Wyatt Plaintiffs' bond. Requiring Wyatt Plaintiffs to post a bond, therefore, would do nothing other than pose on them a needless hardship.

9. This Court has the authority to waive the supersedeas bond requirement in its discretion. *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988) ("the appellant may move that the district court employ its discretion to waive the bond requirement").[2] Given the futility of the bond requirement under the unusual facts of this case, the Wyatt Plaintiffs respectfully request leave from this Court to proceed without a supersedeas bond.

10. Alternatively, the Wyatt Plaintiffs respectfully request that this Court treat the Wyatt Plaintiffs' interests in the funds currently in the Court's registry as a supersedeas bond or in lieu of the supersedeas bond.

---

[2] While *Dillon* proposed a five-factor inquiry to guide courts in assessing a request to waive the supersedeas bond requirement, the factors in *Dillon* are not applicable here as the circumstances justifying waiver of the supersedeas bond requirement in *Dillon*, which obviously gave rise to the factors then articulated by the Seventh Circuit, are not present in this case. The Wyatt Plaintiffs seek to be excused from the supersedeas bond requirement, *vel non*, for very different reasons that are explained in the text.

**C.     Common Law Requirements**

11.     Assuming, as the Wyatt Plaintiffs argue, that no supersedeas bond is required in this case, the Wyatt Plaintiffs must demonstrate entitlement to a stay pending appeal by showing that they a multi-factor balancing test tends in their favor. The Wyatt Plaintiffs do so in the paragraphs that follow.

12.     However, it is noteworthy that, in the event this Court holds that Fed. R. Civ. P. 62(d) is fully applicable here and either waives the supersedeas bond requirement or else accepts the funds in the Court's registry in lieu of the supersedeas bond, then the Wyatt Plaintiffs are entitled to the requested stay by right. They need not prove that they meet the common law requirements discussed below.

13.     Under the common law, Wyatt Plaintiffs must show that 1) they are reasonably likely to succeed on the merits, 2) no adequate remedy at law exists, 3) they will be irreparably injured absent the stay, 4) the stay will not substantially injury any other party, and 5) that the public interest militates granting, rather than denying, the requested stay. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Hinrichs v. Bosma*, 440 F.3d 393, 396 (7th Cir. 2006).

**D.     Likelihood of Success on the Merits**

14.     They Wyatt Plaintiffs easily satisfy their burden to show a reasonable likelihood of success on the merits by virtue of the simple fact that materially all of the case law is on their side. This is well established by the Wyatt Plaintiffs' substantive filings,[3] which are incorporated herein by reference. Specifically, the Wyatt Plaintiffs refer the Court to pages 12 through 28 in their Memorandum in Response to Submission of the Gates Plaintiffs (dkt. no. 283 in case 11-cv-8715).

---

[3] Under case number 11-cv-8715, the substantive filings include docket numbers 259, 261, 283, and 285. Under case number 14-cv-6161, the substantive filings include docket numbers 5, 9, and 27.

The Wyatt Plaintiffs additionally refer the Court to the following cases: *Wyatt v. Syrian Arab Rep.*, 554 Fed. App'x 16 (D.C. Cir. 2014); *Peterson v. Islamic Rep. of Iran*, 2012 WL 4485764 (S.D. Tex. 2012); *Rep. of Argentina v. NML Capital, Ltd.*, 134 S. Ct. 2250, 2256, 2258 (2014); *Alberti v. Empresa Nicaraguense De La Carne*, 705 F.2d 250, 253 (7th Cir. 1983); *Greene Air Intern., Inc. v. Iberia Airlines of Spain, Inc.*, 1991 WL 70900 at *1 (N.D. Ill. 1991); *Cortez Byrd v. Corporacion Forestal y Industrial de Olancho*, 974 F. Supp. 2d 264, 273 (S.D.N.Y. 2013); *USAA Cas. Ins. Co v. Perm. Mission of Rep. of Namibia*, 2010 WL 4739945 at *1 (S.D.N.Y. 2010); *LeDonne v. Gulf Air, Inc.*, 700 F .Supp. 1400 (E.D. Va. 1988); *Magnus Elec. v. Royal Bank of Canada*, 620 F. Supp. 387 (N.D. Ill. 1985).

15. This Court's Memorandum Opinion and Order of October 22, 2014 (Dkt. Nos. 287, 28), does not address any of the Wyatt Plaintiffs' substantive arguments. Instead, this Court asserts that it is bound, pursuant to the "mandate rule" by a prior decision of the Seventh Circuit that did not involve the Wyatt Plaintiffs and did not address the questions raised by the Wyatt Plaintiffs' motion.

16. Regardless of whether the mandate rule is actually applicable here, it is clear that the Seventh Circuit is not bound by the same constraints and will consider the Wyatt Plaintiffs' arguments entirely *de novo*.

17. Because the applicable case law strongly favors the Wyatt Plaintiffs, there is a very good chance that the Seventh Circuit will reverse and remand either to release the funds to the Wyatt Plaintiffs or directing this Court to consider the Wyatt Plaintiffs' substantive arguments.

18. It is clear, therefore, that the Wyatt Plaintiffs are very likely to succeed on the merits.

**E.      No Adequate Remedy**

19.     As noted *supra*, this motion is being filed in the alternative. It operates under the assumption that this Court believes it has jurisdiction to release the Syrian funds to the Gates Plaintiffs notwithstanding the Wyatt Plaintiffs' appeal.

20.     Under that assumption, it is obvious that the Wyatt Plaintiffs are unable to gain the relief they need short of obtaining the requested stay. They have argued their case to this Court and it has made its decision. The Wyatt Plaintiffs must preserve the status quo while they take their case to the Seventh Circuit, and no remedy other than the one they now request can ensure the status quo.

**F.      Irreparable Injury**

21.     As noted *supra*, if the requested stay is not entered and the Syrian funds are improperly released to the Gates Plaintiffs, the Wyatt Plaintiffs may be forever denied recovery of the $80,000,000 that may be determined rightfully to be theirs. The existence of irreparable injury is obvious.

**G.      No Injury to Any Other Party**

22.     The Syrian funds, which now sit in the Court's registry, are earning interest. That interest will belong to whomever the Seventh Circuit eventually and finally awards the money to. As a result, the Gates Plaintiffs suffer no injury in being required to wait until this litigation runs its full course.

23.     No other party would suffer any injury as a result of the requested stay. The Syrian Arab Republic lost its claim to recover the funds long ago. The garnishees have as well. And other claimants, such as the Baker Plaintiffs, have similarly lost in their attempt to obtain the funds. It is hard to imagine how a stay could injury any of them.

**H.     The Public Interest**

24.     There are strong public policies against terrorism and in favor of allowing the judgment creditors of terrorists to collect damages, which are reflected in numerous laws of the United States (*see*, *e.g.*, 18 U.S.C. § 2331 *et seq.*; 28 U.S.C. §§ 1605A, 1610(g), 1610 note (TRIA § 201)). Both the Wyatt Plaintiffs and the Gates Plaintiffs are victims of terrorism. And the Syrian Arab Republic is a state sponsor of terrorism that sponsored terrorist activates against both the Wyatt Plaintiffs and the Gates Plaintiffs.

25.     The same statutes listed above, however, do not ensure recovery to all victims of terrorism. Instead, judgment creditors of terrorists must find assets of the terrorist parties and be the first to properly claim those assets in a "cruel race" in which the "winner-take[s]-all." *Gates v. Syrian Arab Republic*, 755 F.3d 568, 571 (7th Cir. 2014).

26.     Plainly, it is the public policy of the United States, and in the interest of justice, to ensure that the one who "takes all" is properly the "winner."

27.     Given the likelihood that the Seventh Circuit will reverse this Court's Memorandum Opinion and Order, acting on that decision now, without allowing the Wyatt Plaintiffs to have their day in Court or allowing Seventh Circuit to weigh in, obviously threatens to underline that public interest. Conversely, granting the requested stay and allowing the Seventh Circuit time to consider the matter and issue a decision would further the public interest.

**I.     Immediate Preliminary Stay**

28.     As the Wyatt Plaintiffs previously noted (Dkt. Nos. 289, 29 at 2), this Court's Memorandum Opinion and Order of October 22, 2014, is subject to a 14-day automatic stay as provided by Fed. R. Civ. P. 62(a). Accordingly, the Federal Rules prohibit any release of the funds

until at least Thursday, November 6, 2014 (even assuming that the Court had jurisdiction to release them following the filing of the appeals, which it does not).

29. This motion is being noticed for Wednesday, October 29, 2014. The Wyatt Plaintiffs request that this hearing date not be delayed or, if it must be delayed for any reason, that an interim stay be granted that would maintain the status quo while this application is heard and decided.

30. Moreover, because this motion will be heard very shortly before the 14-day automatic stay expires, and it is unlikely that the Court will be able to rule on the instant motion by that date, the Wyatt Plaintiff respectfully request an immediate preliminary stay to ensure that this motion is not mooted, at great prejudice to the Wyatt Plaintiffs, while it is pending.

31. In the event that this Court denies the instant motion, the Wyatt Plaintiffs intend to request similar relief from the Seventh Circuit pursuant to Fed. R. App. P. 8.

32. Accordingly, the Wyatt Plaintiff's respectfully request that the immediate preliminary stay herein requested expire only after the Seventh Circuit's disposition of that anticipated Fed. R. App. P. 8 motion.

**WHEREFORE**, the Wyatt Plaintiffs respectfully request an ORDER:

a) Pursuant to Fed. R. Civ. P. 62 and this Court's inherent authority, staying release of the funds at issue in this proceeding, pending resolution of the Wyatt Plaintiffs' appeal, in the event that the Court finds that it has jurisdiction to release those funds;

b) If the Court finds that a supersedeas bond is otherwise required by Fed. R. Civ. P. 62(d), stating that the funds in the Court's registry can be used in lieu of the supersedeas bond or, alternatively, waiving the supersedeas bond requirement;

  c) Pursuant to this Court's inherent authority, an immediate preliminary stay pending this Court's disposition of the instant motion and, if necessary, the disposition of a subsequent similar motion to the Seventh Circuit, and

  d) Granting any other relief the Court finds just, proper, or necessary.

Dated: Brooklyn, New York
   October 23, 2014

               Respectfully submitted,

               THE BERKMAN LAW OFFICE, LLC
               *Attorneys for the Wyatt Plaintiffs*

             by: _____
               Robert J. Tolchin

             111 Livingston Street, Suite 1928
             Brooklyn, New York 11201
             718-855-3627

## CERTIFICATE OF SERVICE

This is to certify that on October 23, 2014, I caused the foregoing document to be electronically filed using the CM/ECF System. I have additionally sent a copy of the foregoing to each of the following individuals via electronic mail:

Edward J. Lesniak, Esq. - elesniak@burkelaw.com

Michael Dockterman, Esq. - mdockterman@edwardswildman.com

Teresa A. Sullivan, Esq. - sullivan@sw.com

Elizabeth D. Sharp, Esq. - lsharp@sharp-law.com

John F. Salter, Esq. - john@barneslawgroup.com

Tamra T. Moore, Esq. - Tamra.Moore@usdoj.gov

Dated: Brooklyn, New York
October 23, 2014

Robert J. Tolchin