IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FRANCIS GATES, Individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, and JAN SMITH,

    Plaintiffs,

-against-

SYRIAN ARAB REPUBLIC, et al.,

-against-

JPMORGAN CHASE BANK NATIONAL ASSOCIATION,

    Citation Respondent.

Case No. 11-cv-08715

Hon. Virginia M. Kendall

___

JPMORGAN CHASE BANK, N.A.,

    Interpleader Plaintiff,

-against-

FRANCIS GATES, individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY and JAN SMITH, PATRICK SCOTT BAKER, JERRY BAKER, LOIS BAKER, CRAIG BAKER, Individually and as the Personal Representative of the Estate of David Baker, STACIE BAKER, PATRICIA A. HENRY, Individually and as the Substitute Executrix and Successor in Interest of the Estate of Scarlett Rogenkamp, and as the Executrix of the Estate of Hetty E. Peterson, VALERIE PETERSON, as Executor of the Estate of Vernon W. Peterson, KATHERINE D. DORIS, PAUL G. PETERSON, MICHELLE Y. HOLBROOK, JACKIE NINK PFLUG, RYLMA NINK, EUGENE NINK, GLORIA NINK, MARY NINCK, SCOTT PFLUG, BANQUE CENTRALE DE SYRIE, also known as

Case No. 12-cv-02983

CENTRAL BANK OF SYRIA, COMMERZBANK
AG, also known as COMMERZBANK
AKTIENGESELLSCHAFT,
COMMERZBANK
AKTIENGESELLSCHAFT NEW YORK
BRANCH and QATAR NATIONAL BANK,

          Interpleader Defendants.

## GATES PLAINTIFFS' RESPONSE IN OPPOSITION TO THE WYATTS' MOTION TO STAY, NOTICE OF AUTOMATIC STAY, AND NOTICE OF DIVESTMENT OF JURISDICTION

**COME NOW** the Gates Plaintiffs, by their undersigned attorneys, and file this response in Opposition to the Motion of a non-party seeking a stay pending appeal. The Motion must be denied.

### I. INTRODUCTION

In its Memorandum Opinion of October 22, 2014 (Dkt. No. 287), this Court expressed its intention to grant the Gates Plaintiffs' post-appeal motion (Dkt. No. 251), for an order directing the Clerk of Court to disburse the Gates Plaintiffs' funds to them. As this Court rightly recognized, the argument made by the Wyatts, "a group of non-party 'adverse claimants,'" in opposition to this motion, "fails on the merits" as the Seventh Circuit has already resolved the substance of their objection in the Gates Plaintiffs' favor. Dkt. No. 287 (citing *Gates v. Syrian Arab Republic*, 755 F.3d 568 (7th Cir. 2014)). Now, the Wyatts move for a stay notwithstanding the fact that the Seventh Circuit has already addressed the only appealable issue of law when it concluded that "the Gates plaintiffs complied with § 1610(c) in the District of Columbia," which by its very terms requires compliance with § 1608(e). *See id.*

Putting aside the propriety of a non-party seeking the relief of a stay, the Wyatts' continued bid to forestall this Court's obedience to the Seventh Circuit's mandate ignores the procedural posture of this matter. The Seventh Circuit has already considered whether its judgment should be stayed in the context of the Bakers' claimed intention to petition the U.S. Supreme Court for a writ of certiorari. The Seventh Circuit refused. The Wyatts now ask this Court to believe the Seventh Circuit will reverse itself and grant the Wyatts the stay that it denied the Bakers. The Wyatts are not entitled to a stay for multiple reasons.

## II. PROCEDURAL FACTS

This Court knows the long history of this case. Pursuant to two "turnover" orders entered by this Court in the above-styled action, certain funds were deposited into this Court's Registry for the benefit of the Gates Plaintiffs and in satisfaction of their judgment against Syria. By its Judgment issued June 18, 2014, the Seventh Circuit affirmed both of the turnover orders in favor of the Gates Plaintiffs. *Gates v. Syrian Arab Republic*, 755 F.3d 568 (7th Cir. 2014). Later, the Seventh Circuit denied the Baker Intervenors' petition for rehearing or rehearing *en banc* on July 17, 2014. Case No. 13-2280, Dkt. No. 111 (7th Cir. July 23, 2014). The Baker Intervenors moved for a stay of the Seventh Circuit's mandate pending a petition for writ of certiorari. Case No. 13-2280, Dkt. No. 110 (7th Cir. July 17, 2014).

On July 30, 2014, the Seventh Circuit denied the stay sought by the Baker Intervenors and, in no uncertain terms, directed the mandate to issue to this Court for compliance. Case No. 13-2280, Dkt. No. 114 at 1-2 (7th Cir. July 30, 2014) (hereinafter "Mandate Order") (Ex. 1). The Seventh Circuit did so with full knowledge that "[t]he issuance of this court's mandate will allow distribution of the assets from the district court's registry to the Gates plaintiffs." Mandate Order (Ex. 1) at 2. The Seventh Circuit expressly considered the possibility that disbursement of the

funds from the Court Registry might make it difficult for the Baker Intervenors to recover in the event the U.S. Supreme Court were later to reverse.[1] As a result of the mandate's issuance, the Gates Plaintiffs are now entitled to possession and withdrawal of the funds that, by virtue of their enforcement action against the Syrian Arab Republic, this Court declared rightfully theirs.

This Court's Memorandum Opinion expressing its reasoning for honoring the Seventh Circuit's Mandate Order is neither a Rule 58 judgment, nor even a new "judgment" by this district court. *See* Fed.R.Civ.P. 58. To the contrary, and as explained in more detail below, this Court is no longer enforcing its own judgment or even making a new "judgment" so much as it is performing an obligatory, ministerial act (directing the court clerk), that is necessary for the orderly administration of justice.

### III. ARGUMENT AND CITATION OF AUTHORITY

The Wyatts erroneously claim their notice of appeal "divests" this Court of jurisdiction to comply with the Seventh Circuit's mandate and this Court should stay these proceedings. Dkt. No. 292. The Wyatts have it exactly backwards. Because of the Seventh Circuit's mandate and prior rulings, the Court lacks jurisdiction to enter a stay. The Wyatts' (premature) appeal of a

---

[1] As the following passage proves, the Seventh Circuit gave due consideration to the Bakers' interests:

> The court assumes for the sake of argument that some risk of some irreparable injury is present here. If the funds now held in the district court's registry are distributed and if the Supreme Court were later to reverse this court's judgment, it could be difficult to recover all of the funds from the Gates plaintiffs. The court assumes that some of the money might no longer be recoverable. Nevertheless, such risks are present any time this court's judgment requires a transfer of money or property. **Those risks alone are not enough to call for a stay of the mandate.** *See McBride v. CSX Transp. Inc.*, 611 F.3d 316, 318 (7th Cir. 2010) (Ripple, J., in chambers) (denying stay).

Mandate Order (Ex. 1) at 2-3 (emphasis added).

Memorandum Opinion that is not a Rule 58 order does not divest this Court of jurisdiction to finish its work. Finally, even assuming for the sake of argument the Court had authority to enter a stay under these circumstances, the Wyatts fail to satisfy any of the requirements for a stay.

### A. THIS COURT LACKS THE JURISDICTION TO GRANT A STAY UNDER FED.R.CIV.P. 62 THAT DEFIES THE SEVENTH CIRCUIT'S MANDATE.

The Wyatts invoke Fed.R.Civ.P. 62 in their request for a stay. But there are grave problems with the Wyatts' argument. First, the Wyatts ignore the fact the Seventh Circuit has already considered, and refused, to grant a stay of its mandate. Second, as this Court correctly notes, the Wyatts' arguments are a direct contradiction to the Judgment of the Seventh Circuit. Mem. Op., Dkt. No. 287 at 3-4 ("The Seventh Circuit found specifically that the Gates Plaintiffs had complied with 28 U.S.C. § 1610(c), which by its terms requires compliance with § 1608(e)."). Under such circumstances, the "judgment" at issue is one of the Seventh Circuit that this Court, as a subordinate court, lacks the authority to stay.

As this Court rightly recognized in its Memorandum Opinion, district courts are obliged to obey the Seventh Circuit's mandate. *U.S. v. Kennedy*, 682 F.3d 244 (3d Cir. 2012). Without such a rule, an orderly system of justice could not function. When the Seventh Circuit denied the Baker Intervenors' motion to stay and directed the mandate to issue, it did so with full knowledge that "[t]he issuance of this court's mandate will allow distribution of the assets from the district court's registry to the Gates plaintiffs." Mandate Order (Ex. 1) at 2.

What the Wyatts want is to use Rule 62 to prevent the mandate from being carried into effect. The Wyatts are wrong. It is well-established that the return of the Seventh Circuit's mandate removes any discretion this Court might otherwise have to stay compliance with the mandate. "The power of a district court to grant a stay of judgment pending appeal terminates when the Court of Appeals issues its mandate." *Gander v. FMC Corp.*, 733 F. Supp. 1346, 1347

(E.D. Mo. 1990). "Generally, once a court of appeals issues its mandate under Rule 41 of the Federal Rules of Appellate Procedure, all issues within the scope of the district court judgment are deemed incorporated within the mandate and are precluded from further review." *Kentucky Commercial Mobile Radio Service Emergency Telecomm. Board v. Tracfone Wireless, Inc.*, 953 F.Supp.2d 780, 781 (W.D. Ken. 2013) (quoting *Ventas, Inc. v. HCP, Inc.*, 2011 WL 3678819 (W.D. Ken. Aug. 22, 2011)). "In essence, the circuit court mandate and judgment supersedes that of the district court." *Id.* It is not the proper role of a district court to decide whether a judgment of a higher court should be stayed. *William A. Graham Co. v. Haughey*, 794 F.Supp.2d 566, 569 (E.D. Pa. 2011); *Accord Metavante Corp. v. Emigrant Savings Bank*, 2010 WL 3835121 at *2 (E.D. Wis. 2010) (Ex. 2); *Hi-Lex Controls, Inc. v. Blue Cross and Blue Shield of Michigan*, 2014 WL 3928451 (E.D. Mich. Aug. 12, 2014) (Ex. 3). This Court is without legal authority to stay, or postpone unreasonably, compliance with the mandate and the judgment of the Seventh Circuit.

Where the Wyatts go astray is in equating this case with decisions involving motions for a stay ***before an appeal is decided.*** In stark contrast to the cases cited by the Wyatts, here the appeal (indeed, multiple appeals) has already been decided, a stay denied by the circuit court, and the case returned for enforcement of the mandate. In this case, the "judgment" at issue is not this Court's Memorandum Opinion of October 22 so much as it is the judgment of Seventh Circuit affirming a previous turnover order allowing execution upon an antecedent judgment issued by the District Court of Columbia in 2008. This is why all of the cases cited by the Wyatts are irrelevant.

The Wyatts rely upon *Servicio Marina Superior, LLC v. Matrix Intern. Ltd.*, 2009 WL 1371002 (S.D. Ala. 2009), for the proposition that their notice of appeal triggers an automatic,

14-day stay against enforcement. But *Servicio* involved a monetary judgment that had just been issued against the defendant. In contrast, the Gates Plaintiffs' underlying judgment against Syria occurred years ago in the District of Columbia. Moreover, *Servicio* did not involve antecedent judgments of two Circuit Courts of Appeal that, respectively, affirmed the underlying judgment, (*Gates v. Syrian Arab Republic*, 646 F.3d 1 (D.C. Cir. 2011)) and affirmed the orders awarding the Gates Plaintiffs these particular funds. *Gates v. Syrian Arab Republic*, 755 F.3d 568 (7th Cir. 2014). *Garrick v. Weaver* and the other cases cited by the Wyatts have nothing to do with a district court's authority (or lack thereof) to stay compliance with an antecedent mandate of a circuit court of appeal. Unlike the cases cited by the Wyatts, this case occurs in the shadow of the Mandate Order. To compare the procedural posture of the case *sub judice* to the completely irrelevant cases cited by the Wyatts strains credulity.

### B. THIS COURT IS NOT DIVESTED OF JURISDICTION TO CARRY OUT THE SEVENTH CIRCUIT'S MANDATE ORDER.

Entry of a memorandum opinion, without a separate judgment, is not ordinarily sufficient to permit a court of appeals to exercise appellate jurisdiction. *See Rosenberg v. Tazewell County*, 882 F.2d 1165, 1166 n. 1 (7th Cir. 1989) ("Ordinarily, this separate judgment must be entered before there is a final appealable order"). A memorandum opinion, especially one that expressly contemplates a separate order, is not a Rule 58 order. Therefore, the Wyatts' notice of appeal does not "deprive" this Court of jurisdiction to enter an order directing release of the funds in compliance with the Seventh Circuit's mandate.

By its terms, the Memorandum Opinion (Dkt. No. 287) contemplates a separate order carrying into effect its intentions. It is not self-executing. On its face, the Memorandum Opinion manifests the intent that an actual Rule 58 order would follow on its heels. Mem. Op.,

Dkt. No. 287, at 3.[2] In contrast, all the cases cited by the Wyatts for their "divestment-of-jurisdiction" argument are inapposite because, among other reasons, they involve appealable Rule 58 judgments. Dkt. No. 292.

The Seventh Circuit is not naïve to the fact that litigants "seek[ing] to stall because they gain from delay," are tempted to file an unjustified appeal. *Apostol v. Gallion*, 870 F.2d 1335, 1338 (7th Cir. 1989). Knowing this, the Circuit Court has proclaimed that "[c]ourts are not helpless in the face of manipulation." *Id.* at 1339. Thus, the Seventh Circuit has made clear that "an appeal taken from an interlocutory decision does not prevent the district court from finishing its work and rendering a final decision." *Wisconsin Mutual Ins. Co. v. U.S.*, 441 F.3d 502, 504 (7th Cir. 2008) ("Because the initial notices of appeal were premature, the district court acted within its jurisdiction by patching up the judgment to allow appellate review."); *Accord Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) ("[W]hen a notice of appeal from an interlocutory order is a frivolous effort to block the normal progress of litigation, the district judge may so certify and continue with the case.").[3]

In claiming this Court is divested of jurisdiction, the Wyatts mistakenly rely on a string of decisions arising from *Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 58 (1982). Dkt. No. 292. However, the Wyatts failed to mention *Wisconsin Mut. Ins. Co. v. U.S.*, in which the Seventh Circuit explained that the "rule summarized in *Griggs* is designed to prevent *conflict among tribunals*, as well as to *prevent the waste of time and money* that occurs if the district

---

[2] In expressing its intent to grant the Gates Plaintiffs' motion to release the funds, the Court sought the input of the Gates Plaintiffs as to whether an earlier proposed order directing the Clerk of Court remained appropriate. The Gates Plaintiffs have complied with this directive and supplied a new proposed order. *See* Dkt. No. 288-1.

[3] Unsurprisingly, the Wyatts failed to direct the Court to this piece of adverse language when citing *Kusay*. While the appeal here is not "interlocutory," it is also not an appeal of a Rule 58 order and certainly "frivolous."

court changes a judgment after an appeal has been briefed." 441 F.3d 502, 504 -505 (7th Cir. 2006) (emphasis added). In every single case cited by the Wyatts, the court of appeals had yet to address the legal issues underlying the appeal. Dkt. No. 292 (presenting a page-spanning string citation which need not be reproduced here). This case is different.

The Seventh Circuit already addressed the only issue that the Wyatts could appeal when it "put[ ] to rest any doubts as to the Gates Plaintiff's compliance with § 1608(e)." Dkt. No. 287. In its Mandate Order, the Seventh Circuit clearly contemplated the immediate release of the funds to the Gates Plaintiffs. Mandate Order (Ex. 1) at 2-3. Thus, the worst possible "waste of time and money" and "conflict among tribunals" would occur if this Court granted the Wyatts request that it be allowed to flout the Mandate Order and cause further delay.

### C. THE WYATTS FAIL TO SATISFY ANY OF THE PREREQUISITES FOR A DISCRETIONARY STAY.

Even assuming, *arguendo*, the Court had authority to grant a stay, the Wyatts fail to carry their burden of showing an entitlement to such extraordinary relief. The *sine qua non* of a motion for a stay pending appeal is whether movants are likely to succeed on the merits. Even assuming that relief under Rule 62 can be sought by non-parties, (which is denied), the Wyatts' Motion consists of nothing more than a stubborn recapitulation of inapposite case law previously rejected by this Court. According to the Wyatts, it is "clear" the Seventh Circuit will conclude the Gates Plaintiffs failed to comply with certain requirements of the Foreign Sovereign Immunities Act. But the Wyatts' conclusory and sanguine attitude defies reality.

As this Court noted in rejecting the Wyatts' arguments "on their merits," the Wyatts' arguments fly in the teeth of what the Seventh Circuit has concluded: that the Gates Plaintiffs did, in fact, comply with all of the FSIA's applicable requirements. Dkt. No. 287 at 4 ("The Wyatt Plaintiffs attack directly a § 1610(c) requirement about which the Seventh Circuit was

clear that there is to be no lingering doubt."). The "Seventh Circuit's mandate conclusively puts to rest any doubts as to the Gates Plaintiffs' compliance with 1608(e)." *Id.* When defeat is staring them in the face, the common law requires of the Wyatts something more than delirious boasts of impending victory.

## IV. CONCLUSION

To grant a stay in derogation of the Seventh Circuit's mandate (to the gross prejudice of the Gates Plaintiffs), just so the Wyatts can indulge the fantasy of telling the Seventh Circuit they "got it wrong last time," is not only contemptuous of the authority of this Court and the Seventh Circuit, but inimical to a coherent and orderly administration of justice. For the foregoing reasons, the Gates Plaintiffs ask this Court to deny a stay and, in compliance with the mandate of the judgment issued by the Seventh Circuit last July, give the direction to the Clerk of Court requires under 28 U.S.C. § 2042.

Respectfully submitted,

FRANCIS GATES, Individually and as Administrator of the Estate of Olin Eugene "Jack" Armstrong, PATI HENSLEY, SARA HENSLEY, and JAN SMITH

By: */s/Elizabeth D. Sharp*
Their Attorney
Elizabeth D. Sharp
The Law Offices of Elizabeth D. Sharp, P.C.
200 South Wacker Drive, Suite 2300
Chicago, IL 60606
Tel. No. (312) 346-1726
E-mail address: lsharp@sharp-law.com

By: */s/John F. Salter*
Their Attorney
John F. Salter
The Barnes Law Group, LLC
31 Atlanta Street
Marietta, GA 30060
Tel. No. (770) 491-8505
Email address: john@barneslawgroup.com

Dated: October 27, 2014.

## CERTIFICATE OF SERVICE

  This is to certify that on October 27, 2014 I caused the foregoing **GATES PLAINTIFFS' RESPONSE IN OPPOSITION TO THE WYATTS' MOTION TO STAY, NOTICE OF AUTOMATIC STAY, AND NOTICE OF DIVESTMENT OF JURISDICTION** to be electronically filed using the CM/ECF System, which will automatically send notification of such filing to the individuals listed below:

Edward J. Lesniak, Esq.
Burke, Warren, Mackay & Serritella, P.C.
330 North Wabash Avenue, 22nd Floor
Chicago, Illinois 60611-3607
elesniak@burkelaw.com

Kelly Nevling
Steve Feigenbaum
Levi Lubarsky & Feigenbaum LLP
1185 Avenue of the Americas, 17th Floor
New York, New York 10036
Tel: (212) 308-6100
knevling@llf-law.com
sfeigenbaum@llf-law.com

Michael Dockterman
Edwards, Wildman Palmer, LLP
225 West Wacker Drive, Suite 2800
Chicago, IL 60606
mdockterman@edwardswildman.com

Teresa A. Sullivan
Schopf & Weiss LLP
One South Wacker Drive
28th Floor
Chicago, IL 60606
sullivan@sw.com

Mark W. Lewis
Legal Department--AT&T Services, Inc.
225 West Randolph Street
25th Floor
Chicago, IL 60606
mark.w.lewis@att.com

Robert J. Tolchin, Esq.
The Berkman Law Office, LLC
111 Livingston Street, Suite 1928
Brooklyn, New York 11201
rtolchin@berkmanlaw.com

  Further, this is to certify that on this day, I have served a copy of the foregoing **GATES PLAINTIFFS' RESPONSE IN OPPOSITION TO THE WYATTS' MOTION TO STAY, NOTICE OF AUTOMATIC STAY, AND NOTICE OF DIVESTMENT OF JURISDICTION** depositing same in the United States First Class Mail located at 31 Atlanta Street, Marietta, Georgia 30060, proper postage prepaid prior to 5:00 p.m. to the following:

Syrian Arab Republic
c/o Ramsey Clark
CLARK & SCHILLING
37 West 12th Street
Suite 2B New York, NY 10011

Centrale Banque de Syrie
Altjreda al Maghrebeh Square
Damascus, Syria
P.O. Box 2254

  Further, this is to certify that on this day, I have served a copy of the foregoing **GATES PLAINTIFFS' RESPONSE IN OPPOSITION TO THE WYATTS' MOTION TO STAY, NOTICE OF AUTOMATIC STAY, AND NOTICE OF DIVESTMENT OF JURISDICTION** by email transmission prior to 5:00 p.m. to the following:

Office of Foreign Asset Control ("OFAC")
c/o Tamra T. Moore, Esq.
Federal Programs Branch
U.S. Department of Justice, Civil Division
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
Tamra.Moore@usdoj.gov

Dated: October 27, 2014.    By: */s/John F. Salter*
                Their Attorney
                John F. Salter
                The Barnes Law Group, LLC
                31 Atlanta Street
                Marietta, GA 30060
                Tel. No. (770) 491-8505
                Email address: john@barneslawgroup.com