UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
------------------------------------------------------------------X
FRANCIS GATES, et al.,                                  Docket No.:
                        Plaintiffs,          11-cv-8715 (VMK)

           -against-

THE SYRIAN ARAB REPUBLIC, et al.,                       **REPLY IN SUPPORT OF
                                                        WYATT PLAINTIFFS'
                        Defendants,         MOTION IN THE
                                                        ALTERNATIVE FOR STAY
           -against-                                  PENDING APPEAL**

MARY NELL WYATT, et al.,

                        Claimants.
------------------------------------------------------------------X

       The Gates Plaintiffs' opposition to this motion (Dkt. Nos. 295, 299) rests on an assumption that they repeated like a mantra: They assume that the Seventh Circuit's decision in an earlier appeal by the Baker Plaintiffs—an appeal that did not involve the Wyatt Plaintiffs and did not present the issues now raised by the Wyatt Plaintiffs, who were not then parties to this case—is somehow dispositive of questions now raised (for the first time) by the Wyatt Plaintiffs.

       The Seventh Circuit's holding should not be expanded beyond the questions that it considered. Nor can one presume to know how the Seventh Circuit will resolve the Wyatt Plaintiffs' appeals.

       The Gates Plaintiffs also assert that this motion by the Wyatt Plaintiffs for a stay pending appeal is somehow foreclosed because the Seventh Circuit previously refused to stay issuance of *its* mandate following the earlier appeal by the Baker Plaintiffs as they contemplated petitioning for *certiorari*. This argument is, frankly, ridiculous. The Baker Plaintiffs' appeal has nothing to do with this appeal, and whether or not the Seventh Circuit granted or denied a stay of its mandate for

the Baker Plaintiffs to petition for *certiorari* simply has nothing to do with whether there should be a stay of this Court's decision pending appeal to the Seventh Circuit so that the Wyatt Plaintiffs can appeal. This is all the more so true given that, in this instance, the decision of this Court that the Wyatt Plaintiffs are appealing was based on nothing but this Court's perception that it was bound by the Seventh Circuit's mandate (a holding that will not deter the Seventh Circuit given that the "mandate rule" does not apply to the circuit court that issued the mandate) in the previous appeal, which the Wyatt Plaintiffs were not party to and which the Seventh Circuit, unlike this court, has the power to vacate or modify.

Dated: Brooklyn, New York
October 27, 2014

                                              Respectfully submitted,

                                              THE BERKMAN LAW OFFICE, LLC
                                              *Attorneys for the Wyatt Plaintiffs*

                                              by: _____
                                                  Robert J. Tolchin

                                              111 Livingston Street, Suite 1928
                                              Brooklyn, New York 11201
                                              718-855-3627

## CERTIFICATE OF SERVICE

This is to certify that on October 27, 2014, I caused the foregoing document to be electronically filed using the CM/ECF System. I have additionally sent a copy of the foregoing to each of the following individuals via electronic mail:

Edward J. Lesniak, Esq. - elesniak@burkelaw.com

Michael Dockterman, Esq. - mdockterman@edwardswildman.com

Teresa A. Sullivan, Esq. - sullivan@sw.com

Elizabeth D. Sharp, Esq. - lsharp@sharp-law.com

John F. Salter, Esq. - john@barneslawgroup.com

Tamra T. Moore, Esq. - Tamra.Moore@usdoj.gov

Dated: Brooklyn, New York
October 27, 2014

Robert J. Tolchin